IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DANNEL MAURICE MITCHELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 16-cv-00486-SMY** |
| | ) | |
| **C/O LUPERT, and,** | ) | |
| **C/O SEELY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dannel Maurice Mitchell is currently incarcerated at Vandalia Correctional Center ("Vandalia"). Proceeding *pro se*, Mitchell filed a Complaint under 42 U.S.C. § 1983 raising a number of different claims. Because Mitchell's Complaint violated the rules of joinder, the Court severed several of these unrelated claims into separate actions. *Mitchell v. Foster*, 16-097 (S.D. Ill May 2, 2016) (Doc. 16). One such claim—regarding verbal abuse allegedly leveled against Mitchell by two correctional officers—is now before this Court for preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." For the following reasons, Jones's claim does not survive preliminary review.

**Background**

Plaintiff is HIV-positive and suffers from anxiety, depression, bipolar disease, post-traumatic stress disorder, chronic pain, peripheral neuropathy, chronic fatigue, headaches, cramps, overactive bladder, nausea and sleep interruption (Doc. 2 at 10). On December 3, 2015 at 3:10 pm, Defendant Correctional Officer Lupert "verbally assaulted" Mitchell when he called him a "dumbass, stupid, [and] faggot among other things." *Mitchell*, 16-097 (S.D. Ill May 2, 2016) (Doc. 1-1 at 6). This incident "embarassed [sic.], humiliated, insulted and offended [Plaintiff's] pride, and dignity," and caused him to fear for his life. (*Id.*) Plaintiff's dignity was again offended when, on December 29, 2015, at 3:02 pm, Defendant Correctional Officer Seely called him "stupid" a number of times which "hurt his feelings." (*Id.* at 7.) Plaintiff claims that both events constituted cruel and unusual punishment. (*Id.* at 6, 7.)

**Discussion**

A plaintiff's claims that he is being harassed by prison officials may be actionable if done maliciously. *Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (calculated harassment without penelogical justification may raise Eighth Amendment claim). That said, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). The Court is cognizant of the fact that Plaintiff, in his original complaint (pre-severance), complained of a whole host of medical problems, including of course his HIV-positive status. However, Plaintiff's description of the alleged harassment he experienced and his hurt feelings (embarrassment, humiliation, intimidation) does not indicate that he suffered a level of serious psychological harm sufficient to support a claim for cruel and unusual punishment based on verbal harassment. *See id.* (holding that dismissal of Eighth Amendment claim based on harassment was premature where plaintiff

alleged psychological trauma to the extent of seeking mental health care; harassment was sexual in nature and included physical conduct beyond simply verbal harassment; and harassment arguably placed plaintiff at greater danger of assault by other prisoners). Accordingly, Plaintiff's claim is dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that this action (Doc. 1) is **DISMISSED without prejudice**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 13, 2016**

>                     s/ STACI M. YANDLE
>                     **STACI M. YANDLE**
>                     **United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).